IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

PAUL E. LAUDERMILT,

    Plaintiff,

v.                                         CIVIL ACTION NO: 1:11-0288

TAGGART GLOBAL, LLC,

    Defendant.

MEMORANDUM OPINION AND ORDER

    The court now considers sua sponte dismissal of this case based on lack of subject matter jurisdiction.  A federal court has an obligation to sua sponte remand a case removed from state court if the federal court lacks subject matter jurisdiction over the case.  Crawford v. Mokhtari, 842 F. Supp. 840 (D. Md. 1994), aff'd, 30 F.3d 129 (4th Cir. 1994); see also Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381 (1998) (acknowledging that when removal is defective for lack of subject matter jurisdiction, remand may occur without motion to remand)(emphasis added).  Additionally, the party seeking to preserve removal has the burden of showing removal requirements have been met.  See In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006).  Here, Defendant Taggart Global, LLC ("Taggart") fails to meet its burden.

1

Applicable Law

Since 1990, federal courts have used the Carden principle for determining an unincorporated association's citizenship for purposes of federal diversity jurisdiction. See Carden v. Arkoma Associates, 494 U.S. 185 (1990). Federal courts broadly interpret the Carden principle as stating that an unincorporated association is a citizen of each state where its constituent members are citizens. For example, the unincorporated association in Carden was a limited partnership, id., but federal courts have extended Carden to apply to joint ventures, joint stock companies, labor unions, religious or charitable organizations, governing boards of unincorporated institutions, and similar associations. § 3630.1 Application of the Citizenship Rule For Unincorporated Associations, 13F Fed. Prac. & Proc. Juris. § 3630.1 (3d ed.).

The Carden principle likewise extends to limited liability companies, which have characteristics of both corporations and partnerships, but are nonetheless unincorporated as that term applies to the traditional corporate form.[1] Indeed, the Fourth Circuit and federal district courts within the Fourth Circuit have specifically held that, for purposes of federal diversity

---

[1] Compare 15 Pa. Cons. Stat. Ann. § 8914(a) (requiring the filing of a certificate of organization to form a Pennsylvania limited liability company) with 15 Pa. Cons. Stat. Ann. § 1306(a) (requiring the filing of articles of incorporation by incorporators in order to form a Pennsylvania corporation).

jurisdiction, a limited liability company is a citizen of each of the states where its members are citizens. See General Technology Applications, Inc. v. Exro Ltda, 388 F.3d 114 (4th Cir. 2004); Saxon Fibers, LLC. v. Wood, 118 F. App'x 750, 751 (4th Cir. 2005); O'Connor v. Columbia Gas Transmission Corp., CIV 3:09CV00022, 2009 WL 1491035 (W.D. Va. May 26, 2009)("limited liability company is a citizen of every state in which any one of the owners of the company is a citizen."). Accordingly, this extension of the Carden principle applies in this district and this court will follow it.

## Discussion

Taggart has, confusingly, been referred to from the beginning of this case as "Taggart Global, LLC, a Pennsylvania corporation."[2]  See Doc. No. 1, p. 1 (Taggart's Notice of Removal); Doc. No. 47, p. 1 (Taggart's most recent motion before this court).  Taggart cannot be both a corporation and a limited liability company at the same time.  In fact, Pennsylvania law indicates that Taggart can only be a limited liability company by its name "Taggart Global, LLC."[3]  Moreover, a search of

---

[2] Taggart has done nothing to clear up this confusion.  In its Answer, Taggart admits to the assertion in Plaintiff's Complaint that Taggart "is a Pennsylvania corporation whose principal place of business is Canonsburg, Pennsylvania . . . ." Doc. No. 1, Ex. B, p. 1, ¶ 2.
[3] Compare 15 Pa. Cons. Stat. Ann. § 1303(a)(1)(requiring, for example, "corporation," "company," "incorporated," "limited," or any abbreviation of those words in a corporation's name) with 15

Pennsylvania's Department of State's Business Entity database reveals that the only entity named "Taggart Global, LLC," is, in fact, a limited liability company.[4]

Nevertheless, Taggart attempts to apply the principal place of business test for corporate citizenship to "Taggart Global, LLC."  This test simply does not apply to limited liability companies.  Instead, as outlined above, a limited liability company is a citizen of each of the states where its members are citizens.

Accordingly, the court **GRANTS** Defendant Taggart ten days from entry of this Memorandum Opinion and Order to satisfy its burden of preserving removal.  Specifically, Taggart should clearly establish (1) whether it is a corporation or limited liability company under Pennsylvania law, (2) if Taggart is a limited liability company, the citizenship of each of its members, and (3) any other facts that would help this court determine whether federal subject matter jurisdiction exists in this case.  Should Defendant Taggart not so respond within the ten days allotted, the court will proceed to remand this case,

---

Pa. Cons. Stat. Ann. § 8905(a)(2)(disallowing a limited liability company to use a name "rendered unavailable for use by a corporation.").

[4] Currently, Pennsylvania's Business Entity database search function can be accessed at https://www.corporations.state.pa.us/corp/soskb/csearch.asp.

sua sponte, to the Circuit Court of McDowell County, West Virginia.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** on this 12th day of September, 2012.

ENTER:

David A. Faber
Senior United States District Judge